O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| WINIFRED DARNELL WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 17-03624-JDE<br><br>MEMORANDUM OPINION AND ORDER |

　　　Plaintiff Winifred Darnell Williams ("Plaintiff") filed a Complaint on May 14, 2017, seeking review the denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") by the Commissioner of Social Security ("Commissioner"). The parties filed consents to proceed before the undersigned Magistrate Judge. In accordance with the Court's Order Re: Procedures in Social Security Appeal, the parties filed a Joint Stipulation ("Jt. Stip.") on January 16, 2018, addressing their respective positions. The Court has taken the Joint Stipulation under submission without oral argument and as such, this matter now is ready for decision.

# I.
# BACKGROUND

On August 30, 2013, Plaintiff applied for DIB and SSI, alleging disability beginning August 19, 2013. (Administrative Record ["AR"] 10, 128-35.) After her applications were denied (AR 84-89), Plaintiff requested an administrative hearing, which was held on September 8, 2015. (AR 22-57, 90-91.) Plaintiff, represented by counsel, appeared and testified at the hearing before an Administrative Law Judge ("ALJ"), as did a vocational expert. (AR 22-57.)

On December 11, 2015, the ALJ issued a written decision finding Plaintiff was not disabled. (AR 7-17.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since August 19, 2013. (AR 12.) The ALJ determined that Plaintiff suffered from the following severe impairments: hypertension; pancreatitis; hepatitis C; coronary artery disease; joint arthralgia; rhabdomyolysis; and cirrhosis. (Id.) The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (AR 13.) The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform light work, with the following limitations: Plaintiff could (1) lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently; (2) sit for six hours; (3) stand and/or walk for six hours; (4) frequently climb ramps or stairs, balance, stoop, kneel, crouch, or crawl, but never climb ladders, ropes, or scaffolds; and (6) requires a cane for balance. (AR 14.) The ALJ further found that Plaintiff was capable of performing her past relevant work as a customer order clerk and collection clerk. (AR 16.) Accordingly, the ALJ concluded that Plaintiff was not under a "disability," as defined in the Social Security Act. (Id.)

On March 13, 2017, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the Commissioner's final decision. (AR 1-4.) This action followed.

## II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review a decision to deny benefits. An ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id.

To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). The standard of review of a decision by an ALJ is "highly deferential." Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015) (citation omitted). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). However, a court may review only the reasons stated by the ALJ in the decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

Lastly, even if an ALJ commits legal error, the Court will uphold the decision if the error is harmless. Molina, 674 F.3d at 1115. An error is harmless if it is "inconsequential to the ultimate nondisability determination,"

or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

## III.
## DISCUSSION

Plaintiff contends that the ALJ failed to properly consider her subjective symptom testimony. (Jt. Stip. at 4.)

Where a disability claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, and there is no evidence of malingering, the ALJ must provide "'specific, clear and convincing reasons for' rejecting the claimant's testimony regarding the severity of the claimant's symptoms." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1102 (9th Cir. 2014) (citation omitted); Lingenfelter, 504 F.3d at 1036; Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); see also 20 C.F.R. § 404.1529(a). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude that the [ALJ] rejected [the] claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885 (citation omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick, 157 F.3d at 722 (citation omitted). However, if the ALJ's assessment of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).[1]

---

[1] After the ALJ's decision, SSR 16-3p went into effect. See SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). SSR 16-3p provides that "we are eliminating the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term." Id. Moreover, "[i]n doing so, we clarify that subjective symptom evaluation is

4

On October 16, 2013, Plaintiff completed a pain and other symptom questionnaire (AR 175-76), in which she described bad muscle cramps and spams from her neck to feet, high blood pressure, chronic hepatitis C, acute pancreatitis, rhabdomyolysis, depression, and unusual fatigue. She was in pain at least three times a week and it interfered with her sleep. She reported that she needed to take a nap or rest two or more times a day for two hours. (AR 175.) She indicated that standing or sitting too long caused pain; and her fingers cramped up when typing, requiring her to "pull them apart." (Id.) She explained that the pain was sometimes unbearable and she has had to go to the hospital. Other than medication, relaxing, Epsom salt baths, and using her cane helped the pain and other symptoms. (AR 176.)

On the same date, Plaintiff also completed a function report in which she noted that sometimes she cannot dress herself, take care of grooming, or feed herself. (AR 178.) On bad days, she cannot clean her house and her niece helps with cooking. (AR 178-79.) She does not drive because she fears that her legs will cramp. (AR 180.) She shops as needed and handles her own money. (Id.) She uses a cane and wears glasses. (AR 183.) Plaintiff has many interests and hobbies, but now she only reads, does word puzzles, watches television, and exercises "a little." (AR 181.) She indicated that her conditions affect lifting, stair climbing, using her hands, bending, standing, kneeling, seeing, walking, squatting, sitting, reaching, and completing tasks. (AR 182.) She can walk perhaps a block or two before needing to stop and rest. (Id.)

---

not an examination of an individual's character" and requires that the ALJ consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. Id.; see also Trevizo v. Berryhill, 871 F.3d 664, 678 n.5 (9th Cir. 2017). Thus, the adjudicator "will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person." SSR 16-3p, 2016 WL 1119029, at *10.

During the administrative hearing, Plaintiff testified that everything cramps up, including her hands, and she is in pain all the time. (AR 30, 45.) She explained that she cannot move when her body cramps up. (AR 30.) She also suffers from body sweats, breaks out with spots, and has lost weight. (AR 33.) Sometimes, she does not have an appetite and it hurts to eat. (AR 33-34.) She does not drive and relies on her niece and the Access bus to get around. (AR 34.) Her niece also helps her bathe, cook, and clean. (Id.) She sometimes needs help dressing. She has used a cane since 2013 because of the cramping and muscle spasms, but tries to walk without the cane sometimes. (AR 35, 53-54.) She cannot sit for longer than 30 minutes and can walk less than a block. She becomes tired and out of breath, especially when it is hot outside. (AR 35.) She can lift and carry approximately three pounds, but cannot grasp for long because of the cramping. (AR 36.)

A. **The ALJ failed to provide specific, clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony.**

The ALJ determined Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," but Plaintiff's "statements concerning the intensity, persistence[,] and limiting effects of these symptoms [were] not entirely credible for the reasons explained in this decision." (AR 14-15.) The ALJ summarize the medical evidence and the third party function report of Plaintiff's brother, before concluding that, "in the absence of a treating source opinion, the undersigned finds the claimant can perform light work and gives her the benefit of the doubt in finding she has postural restrictions and the required use of a cane for balance." (AR 16.)

As explained, the ALJ must identify what testimony is not credible and what evidence undermines the plaintiff's complaints. Reddick, 157 F.3d at 722. General statements without identifying "sufficiently specific reasons" for rejecting a plaintiff's subjective symptom testimony is insufficient. Brown-

Hunter, 806 F.3d at 493. In the present case, the ALJ's conclusory finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms, without identifying specifically which of Plaintiff's statements were found not credible, does not constitute specific, clear and convincing reasons supported by substantial evidence for rejecting Plaintiff's subjective symptom testimony. Id.

The only apparent articulated reason for rejecting Plaintiff's credibility was the lack of objective medical evidence supporting her complaints of pain. Because the ALJ did not provide any other clear and convincing reason for discounting Plaintiff's subjective complaints, this finding is not a proper basis for the ALJ's credibility determination. See Rollins, 261 F.3d at 856-57; Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (finding lack of objective medical evidence to support subjective symptom allegations cannot form the sole basis for discounting pain testimony).

The Commissioner argues that the ALJ also rejected Plaintiff's subjective symptom testimony based on the medical opinion evidence. (Jt. Stip. at 13.) Medical opinion evidence is merely an example of objective medical evidence, and thus, does not constitute a separate and distinct reason for rejecting Plaintiff's subjective symptom testimony. See Vigil v. Comm'r of Soc. Sec., 2017 WL 4075581, at *8 (E.D. Cal. Sept. 14, 2017) (explaining that the medical opinions are based on the objective medical evidence and thus, do not constitute separate and distinct reasons for discrediting plaintiff's pain testimony); Petit v. Astrue, 2012 WL 3965146, at *7 (C.D. Cal. Sept. 11, 2012) (medical opinions are examples of objective medical evidence).

Accordingly, the ALJ did not provide specific, clear and convincing reasons supported by substantial evidence to discount Plaintiff's subjective symptom testimony. In this instance, the Court cannot conclude that the ALJ's error was harmless. The ALJ's decision lacks any "meaningful explanation"

based on specific evidence in the record for rejecting any specific subjective complaint. See, e.g., Brown-Hunter, 806 F.3d at 492 (ALJ's failure adequately to specify reasons for discrediting claimant testimony, "will usually not be harmless"). In light of the significant functional limitations reflected in Plaintiff's subjective statements, the Court cannot "confidently conclude that no reasonable ALJ, when fully crediting the [Plaintiff's] testimony, could have reached a different disability determination." Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055-56 (9th Cir. 2006).

**B.    Remand is appropriate.**

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); Harman, 211 F.3d at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). A remand for further proceedings is appropriate where outstanding issues must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled and award disability benefits. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Here, the Court concludes that remand to the Commissioner for further administrative proceedings is warranted. On remand, the ALJ shall reassess Plaintiff's subjective allegation and then reassess Plaintiff's RFC in light of the subjective symptom testimony and proceed through step four and step five, if necessary, to determine what work, if any, Plaintiff is capable of performing that exists in significant numbers in the national economy.

## IV.
## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

Dated: February 08, 2018

_____
JOHN D. EARLY
United States Magistrate Judge